**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)**
**Eastern Division**

Dongguan Juyuan Precision Technology Co., Ltd.

                                    Plaintiff,

v.

The Partnership and Unincorporated Associations
Identified On Schedule A

                                      Defendant.

Case No.:
1:24–cv–11301
Honorable Jeremy C. Daniel

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, November 4, 2024:

MINUTE entry before the Honorable Jeremy C. Daniel: The plaintiff has filed a complaint alleging design patent infringement against 17 defendants. (R. 1 and R. 2.) This case follows a pattern common to "Schedule A" cases where plaintiffs allege that defendants employ similar methods and "work in active concert" to infringe plaintiffs' intellectual property. But experience has shown that not all defendants named in a Schedule A case work together. More importantly, experience has shown that joinder under Fed. R. Civ. P. 20 is rarely appropriate in Schedule A cases. Accordingly, the Court raises the propriety of joinder and requires the plaintiff to file a supplemental memorandum addressing the propriety of joinder on or before November 15, 2024. Alternatively, by the same date, the plaintiff may file an amended complaint naming one or more defendants; however, if the plaintiff names multiple defendants, the plaintiff must show that joinder of those defendants is proper. Having reviewed the complaint, the Court is also concerned about certain allegations directed towards joinder. For instance, the complaint alleges that, "On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringe the **552 Patent in in a series of occurrences." (R. 1 Para. 9.) This is a conclusory statement that does nothing to establish the propriety of joinder. Moreover, experience has shown that, while some individual defendants may operate several online stores, and while some individual defendants may coordinate with other defendants before or after the filing of the infringement action, rarely, if ever, have all defendants named in a Schedule A case worked together. Fed. R. Civ. P. 11(b)(3) requires that, "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Pursuant to Fed. R. Civ. P. 11(c)((3), the Court requires counsel for the plaintiff to show cause why the allegation that "defendants are working in active concert" does not violate Rule 11(b)(3). The Court will consider the issues raised in this order first, and will hear argument on the issues raised in this order on November 19, 2024, at 9:30 a.m. Mailed notice. (vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.